# NO. 12-18-00330-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TOBIAN WILLIAM RUDOLPH,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Tobian William Rudolph appeals his conviction for bail jumping and failure to appear—felony. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of bail jumping, a third degree felony, by intentionally or knowingly failing to appear in accordance with the terms of his release after being lawfully released from custody on a pending felony charge, i.e., burglary of a building, on condition that he subsequently appear in court.[1] Further, the State filed a notice of intent to seek a higher punishment based on a prior felony conviction of possession of methamphetamine with intent to deliver. The trial court granted the State's motion.

The evidence showed that Appellant was originally indicted for the offense of burglary of a building, a state jail felony offense, and was released from custody on condition that he appear

---

[1] TEX. PENAL CODE ANN. § 38.10(a), (f) (West 2016).

in court, secured by a bond.  On May 22, 2017, Appellant appeared in court to plead guilty to the above charges and, in fact, pleaded guilty.  However, the trial court questioned whether Appellant wanted to plead guilty because he seemed reluctant.  Appellant stated that he lived in Alabama, it was hard to seek a motion for discovery, and he had an appointed attorney.  But he wanted to seek other counsel.  Appellant also stated he had not been able to fully view the evidence.  The trial court ordered Appellant to appear in the trial court the next morning and plead guilty or not guilty.  The trial court stated that this would allow Appellant to review the discovery with his attorney.  However, the next morning, Appellant failed to appear.

At the plea hearing, Appellant entered an "open" plea of guilty to the offense charged in the indictment.  Appellant and his counsel signed various documents in connection with his guilty plea, including a stipulation of evidence in which Appellant swore, and judicially confessed, that the facts alleged in the indictment were true and correct, and constituted the evidence in the case.  At the sentencing hearing, Appellant pleaded "true" to the enhancement paragraph and acknowledged that he "messed up" when he returned to Alabama instead of appearing in court.  At the conclusion of the sentencing hearing, the trial court accepted Appellant's guilty plea, adjudged Appellant guilty of bail jumping and failure to appear—felony, found the enhancement paragraph to be "true," and assessed Appellant's punishment at twelve years of imprisonment.[2]  This appeal followed.

**ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA***

Appellant's counsel filed a brief in compliance with ***Anders*** and ***Gainous***, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3]  We have reviewed

---

[2] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of nor more than twenty years or less than two years, and a fine not to exceed $10,000.00.  TEX. PENAL CODE ANN. § 12.33 (West 2019).

[3] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took

the record for reversible error and have found none.  *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw.  *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits.  Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***.  *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.  Any petition for discretionary review must be filed within thirty days from either the date of this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court.  *See* TEX. R. APP. P. 68.2(a).  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered June 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 28, 2019

NO. 12-18-00330-CR

**TOBIAN WILLIAM RUDOLPH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1229-17)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*